**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-60113**
**Summary Calendar**
_____

**CHAD LAMBERT,**

**Plaintiff-Appellant,**

**versus**

**GEORGIA PACIFIC CORP.,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**(2:98-CV-125-PG)**
_____

**November 15, 1999**

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

At issue in this diversity action is the summary judgment awarded Georgia Pacific Corporation, based on Mississippi premises liability law.

Chad Lambert was employed by an independent contractor engaged by Georgia Pacific to perform industrial maintenance and repair services, including hydroblasting accumulated pulp stock from the walls and ceilings of tile chests (large closed containers). Lambert was injured when, while he was hydroblasting a tile chest, pulp stock fell on him from the chest's 22 foot high ceiling.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lambert asserts that his on-the-job injury was caused by Georgia Pacific's alleged failure to follow self-imposed safety procedures, such as flushing the tile chests with water before the independent contractor did its work (performed its contract); and that the existence of these procedures creates a material fact issue regarding control of the premises.

For our *de novo* review of a summary judgment, we apply the same test employed, pursuant to FED. R. CIV. P. 56, by the district court: the movant prevails if there is *no* material fact issue *and* the movant is entitled to judgment as a matter of law.

Simply put, when injured, Lambert was performing for his independent contractor employer the very work contracted for by Georgia Pacific with that independent contractor—hydroblasting accumulated pulp from, *inter alia*, the ceiling, causing it to fall. Unfortunately, when the material fell—the whole point of the operation—it fell on Lambert. In sum, pursuant to our review of the record and the briefs, summary judgment was proper, essentially for the reasons stated in the district court's detailed and comprehensive opinion, **Lambert v. Georgia-Pacific Corp**., 32 F. Supp. 2d 914 (S.D. Miss. 1999).

**AFFIRMED**